OPINION. Leech, Judge: The only contested issue concerns the taxability of petitioner upon the income of three trusts created by him on December 30,1935, for the benefit of his wife and three children. The respondent contends that the income is taxable to petitioner under section 22 (a) of the Internal Revenue Code, under the doctrine of Helvering v. Clifford, 309 U. S. 331. The respondent argues that paragraph 9 (a) of the trust agreement, which grants to the trustee a broad sweep of powers, including the power “to invest * * * in * * * non-income producing securities,” and “without answering to any court for his acts,” presents the issue whether such reserved powers over the investments are exercisable in a fiduciary capacity. The respondent further contends that the exculpatory clause supports that position in that it leaves additional grave doubts as to whether the beneficiaries’ interests are reasonably subject to the protection of a court of equity, despite the provisions of paragraph 12, which limit the trustee’s liability for losses, except those incurred through “gross mismanagement or wilful default,” and provide that “Good faith shall be all that is required of the Trustee hereunder.” We disagree. The only power which the petitioner reserved to himself as grantor is contained in paragraph 15, which provides that “Settlor reserves unto himself the right to change at any time any Trustee herein designated.” The extensive powers of management vest in the settlor only in his capacity as trustee and for so long as he remains trustee. Upon familiar principles, these are to be construed as fiduciary powers, to be exercised in good faith for the benefit of the trust and its beneficiaries. United States v. Morse, 159 Fed. (2d) 142; Hall v. Commissioner, 150 Fed. (2d) 304; Cushman v. Commissioner, 153 Fed. (2d) 510. Since the immunity clause contained in paragraph 9 (a) relates only to the settlor’s acts as trustee, it is ineffective. Pray v. Belt, 26 U. S. 670, 679; Cushman v. Commissioner, supra. To justify taxation of the income of a trust to its settlor under section 22 (a), the “bundle of rights” retained by him must be so substantial that it can be said that he remained in substance the owner of the corpus. The trust instrument in question was irrevocable. The income beneficiaries and the ultimate distributees of the corpus were definitely fixed and could not be changed. The conditions as to payment or accumulation were likewise definitely fixed and were not subject to change. The possibility of a reverter of either corpus or income is so remote as to be of no significance for the purposes of taxation of the income. Cushman v. Commissioner, supra. Absent here are important factors influencing the decisions in Stockstrom v. Commissioner, 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719; Shapero v. Commissioner, 165 Fed. (2d) 811; certiorari denied, 334 U. S. 844; and Commissioner v. Buck, 120 Fed. (2d) 775, relied upon by the respondent. In the Stockstrom case, the settlor had the power to deal with the property as his own, to apportion or withhold income, and to accumulate income in favor of the remainderman. The retained power over the purse strings, coupled with the extraordinary administrative powers, were regarded as sufficient to make the doctrine of the Clifford case applicable. In the Buck case, the settlor, in his individual capacity, had the power to alter or amend the trust indenture in respect to the income and corpus, and thus to “sprinkle” it among any of the beneficiaries he might select. In the Shapero case, the grantor had the power “to modify, alter, change or amend” in certain respects, as well as the power to control the drug company by voting the trusteed shares. These powers, in the court’s opinion, enabled the grantor to use the trust corpus to his personal advantage, and were sufficient attributes of ownership to justify taxing the income to him under section 22 (a) of the code. Among the reserved powers in the instant case is the right to vote the trusteed shares, which consisted solely of the capital stock of the Fruehauf Trailer Co., of which petitioner was the president and one of about 18 directors. In the taxable year there were outstanding 398,536 shares of Fruehauf Trailer Co. stock, which shares were listed on the New York Stock Exchange. Petitioner owned individually 32,720, .or approximately 8.21 per cent; his wife and children owned individually 5,750, or approximately 1.44 per cent; and the trusts created by petitioner held 55,095 shares, or approximately 13.82 per cent, or an aggregate of 2337 per cent. The extent to which a given percentage of voting strength constitutes control varies greatly with the company. Kohnstamm v. Pedrick, 153 Fed. (2d) 506. Where the shares are listed on the Exchange and apparently widely scattered, a single block as large as 23.47 per cent might constitute control. Frederick B. Rentschler, 1 T. C. 814. In the instant case, of the 23.47 per cent held by the petitioner and his family, including the trusts, the latter held 13.82 per cent. Petitioner’s voting power over the shares held by the trust, however, was as trustee, and such power must be exercised for the best interest of the beneficiaries. In Cushman v. Commissioner, supra, it is said: * * * The power to vote the stock held in trust may not be exercised by the trustee for his own purposes; and where such conduct is threatened a court of equity will direct the voting of the stock. See 2 Scott, Trusts (1939) § 193.1 * * *. In any event, possible voting control is only one factor to be considered in connection with the other powers lodged in the trustee in determining whether there is sufficient dominion and control as to warrant taxing the income of a trust to the settlor. On the facts disclosed by this record, we do not regard petitioner’s voting strength in the Fruehauf Trailer Co. as of controlling importance. Cf. Donald S. Black, 5 T. C. 759, 767. The respondent argues that, since the powers conferred upon the successor trustee are more limited than those reserved to the settlor trustee, the inference is clear that the broad powers were reserved for settlor’s individual advantage. We do not agree. A more reasonable inference is that petitioner had greater confidence in his own ability to manage the trust estate to the greater advantage of the beneficiaries. We think the facts in the case at bar bring it within the rationale of such cases as United States v. Morss, supra; Cushman v. Commissioner, supra; and Anthony J. Drexel Biddle, Jr., 11 T. C. 868. We, therefore, conclude that the income of the three trusts here involved is not taxable to petitioner under section 22 (a) in the year in question. In his deficiency notice, the respondent also based the taxability of the trust income to petitioner on sections 166 and 167 of the code. While, on brief, he has made no argument respecting these sections, we nevertheless examine their applicability. Paragraph 10 of the trust instrument gives the settlor-trustee power to invade the corpus for the maintenance and support of settlor’s wife, and, after her death, for the support, maintenance, and education of settlor’s children, who were then minors. Paragraph 3 also gives power to the settlor-trustee, after the death of the life beneficiary, to use the income or corpus for the support, maintenance, and education of settlor’s children, who were then minors. This power to use either the corpus or income is so circumscribed that it is clear the settlor did not intend that the power could or would be used to discharge the settlor’s marital obligations or his duty to support, maintain, and educate his children. The exercise of the power vested in the settlor respecting the children was contingent upon the death of the life beneficiary. A power not presently exercisable and which may never be capable of exercise has been held not to exist as a power. Corning v. Commissioner, 104 Fed. (2d) 329. Under the trust instrument all of the income was payable to the settlor’s wife, and it has been so paid. There was no requirement that the income was to be used to discharge any of the settlor’s obligations. The courts have held that provisions of similar purport to those here involved do not render the income of an irrevocable trust taxable to the settlor, under either section 166 or section 167 of the Internal Revenue Code. Morss v. United States, 64 Fed. Supp. 996; affd., 159 Fed. (2d) 142 (see supra); Commissioner v. Katz, 139 Fed. (2d) 107; Suhr v. Commissioner, 126 Fed. (2d) 283, reversing 41 B. T. A. 1270 on another point. We, therefore, conclude that sections 166 and 167 of the code are not applicable here. Reviewed by the Court. Decision will be entered under Rule 50. Opper, /., concurs only in the result.